No. 19,320.

FRED BERHENKE, *Appellee*, v. W. C. PENFIELD et al.
(W. C. PENFIELD, *Appellant*).

SYLLABUS BY THE COURT.

1. SALE — *Patent-right Territory — Fraud and Misrepresentations — Right of Recovery.* The petition set forth a scheme entered into by the three defendants to induce the plaintiff to pay one-half of $2275 for certain patent-right territory by falsely pretending to him that one of them was to pay the other half of such sum and engage with him in the joint adventure, and that the patented article and the right to sell in the territory covered by the transaction were very valuable; that the latter were of no value and the money procured of the plaintiff was in fact divided between the three defendants, neither paying a like sum nor any part thereof. The court eliminated the question of value on account of the statute of limitations, but permitted the plaintiff to proceed on the remainder of the charge of fraud. *Held*, proper.

2. SAME—*Trial—Refusal of Requested Instructions—Not Error.* When the issues are fairly and correctly covered by the instructions given the refusal of requested instructions is not error.

3. SAME—*No Estoppel to a Recovery.* Under the circumstances described in the first paragraph it is not essential to a recovery that the plaintiff should have made a reasonable effort to realize on his investment.

4. SPECIAL QUESTIONS—*Refusal to Submit Not Error.* It is not error to refuse special questions which call for answers touching only immaterial matters.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed March 6, 1915. Affirmed.

*J. E. Torrance*, of Winfield, and *W. L. Cunningham*, of Arkansas City, for the appellant.

*L. C. Brown*, of Arkansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover $1137.50 alleged to have been paid to the defendants by reason of their fraud and misrepresentation in respect to the sale

of certain territory for the sale of a patented article, "The Star Combination Tool." He alleges in substance that defendant Rightmire, attorney in fact for Brewer, the patentee, entered into a secret arrangement with defendant Penfield by which it was agreed that the latter should represent to the plaintiff that the patented article was a good article and a profitable seller, and that the right to sell such article in the territory comprising Oklahoma and certain Kansas counties was worth $2275; that in furtherance of the scheme Penfield told the plaintiff that he would take and pay for a half interest in such territory and would enter into a partnership with the plaintiff for the sale of the article therein; that relying upon this representation plaintiff paid $1137.50, Penfield pretending to pay a like sum, and a written contract was entered into by which the plaintiff and Penfield were to pay Brewer $2275; that the patented article turned out to be worthless and unsalable, and the plaintiff afterwards discovered that Penfield paid nothing whatever for his pretended interest in the contract, but, on the other hand, received one-half of the money paid by the plaintiff, for his services for inducing the plaintiff to part with his money. The plaintiff recovered judgment for the full amount sued for and defendant Penfield appeals, and assigns error in overruling a demurrer to the evidence, in giving and refusing certain instructions, and in failure to submit certain special questions.

The court eliminated the question of fraudulent representation as to the value and salability of the patented article and the right to sell it, and it is claimed that this leaves the plaintiff in the situation of having received exactly what he bargained for, and it is argued that even if the defendants practiced fraud upon the plaintiff the latter can not recover except upon a showing of actual damages. But this was eliminated for the reason that the statute had run as to it and the other allegations as to the fraudulent scheme and pretense

by which the plaintiff was induced to part with his money still remained, and the evidence was sufficient to sustain them.

The defendants requested an instruction that unless the jury should find that before the representations were made to the plaintiff the defendants had agreed among themselves that Penfield was to pay nothing for his share in the patent right, they must find for the defendants, and that if they should find that Penfield was not indebted to Brewer for his one-half interest or had not paid him therefor the verdict must be for the defendants; also, that it was the duty of the plaintiff to make a reasonable effort to realize upon his investment before seeking to rescind the contract. These and certain others not necessary to mention were refused, and a charge was given to the effect that if the secret agreement was entered into to induce the plaintiff to believe that Penfield was purchasing one-half of the territory at the agreed price of $2275, and the plaintiff was thereby induced to pay such sum after the defendants having in fact agreed that Penfield was to pay nothing, the plaintiff could rescind by reason of such fraud. We have examined the instructions given, and they appear to have fairly and correctly stated the law applicable to the controversy.

The special questions requested and refused had reference to the previous knowledge and experience of the plaintiff and Penfield in the business of selling and handling patent-right agencies for tools, to plaintiff's endeavor to dispose of his interest, and also whether Penfield received any of the money paid by the plaintiff, and if so, how much. Such of these as were not included in the general verdict were immaterial, and the refusal of the request was not erroneous.

The pleading and the proof were to the effect that the defendants concocted a scheme to get the plaintiff's money by leading him to believe that the investment was one in which they would show their faith by their works, in that Penfield should falsely pretend to share

in the adventure and put in an equal amount with the plaintiff; that instead of sharing in the risk or spending any money, Penfield helped the other defendants divide that which was procured from the plaintiff. Although the question requested, as to whether any of the money paid was received by Penfield, and if so, how much, would have been proper enough to submit, its answer either way would not have been sufficient to overturn the general verdict; for whether Penfield received any of the money or not, he helped obtain it from the plaintiff, for whose loss he is jointly responsible with his codefendants. The refusal to submit the question requested does not affirmatively appear to have prejudicially affected the substantial rights of the defendants. (Civ. Code, § 581.)

The judgment is therefore affirmed.